J-S73012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
SEAN DARRINGTON :
:
Appellant : No. 512 MDA 2019

Appeal from the PCRA Order Entered March 8, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002322-1993

BEFORE: SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: **FILED MARCH 10, 2020**

Appellant, Sean Darrington, appeals *pro se* from the order dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

The crimes committed in this case relate to the 1993 robbery and murder of Dale Bloom, who was found dead in his home. An autopsy revealed that Mr. Bloom suffered five gunshot wounds, five puncture wounds, and he had been cut with a hand saw about his neck. On October 9, 1994, a jury convicted Appellant of first-degree murder and robbery. On October 18, 1994, the trial court sentenced Appellant to serve a term of life imprisonment for the first-degree murder conviction and a consecutive term of incarceration of ten to twenty years for the robbery conviction. On direct appeal, a panel of this Court affirmed Appellant's judgment of sentence on July 10, 1995, and our

Supreme Court subsequently denied Appellant's petition for allowance of appeal on December 14, 1995. ***Commonwealth v. Darrington***, 667 A.2d 417 (Pa. Super. filed July 10, 1995) (unpublished memorandum), *appeal denied*, 668 A.2d 1122 (Pa. 1995).

Appellant filed multiple petitions seeking collateral relief. Appellant's most recent PCRA petition, which is the subject of this appeal, was filed on January 31, 2019. On February 5, 2019, pursuant to Pa.R.Crim.P. 907, the PCRA court issued notice of its intent to dismiss Appellant's petition. The PCRA court then dismissed the instant petition on March 8, 2019. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1) DOES NEWLY DISCOVERED FACTS ESTABLISH THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO MOTION THE TRIAL COURT FOR PRESIDING JUDGE LEWIS' RECUSAL AND APPELLATE COUNSEL INEFFECTIVE FOR FAILING TO RAISE THIS CLAIM ON APPEAL; VIOLATING APPELLANT'S SIXTH AMENDMENT RIGHTS AND FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS UNDER THE UNITED STATES CONSTITUTION?

2) DOES NEWLY DISCOVERED EXCULPATORY EVIDENCE ESTABLISH TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO INVESTIGATE, INTERVIEW AND PRESENT KNOWN EXCULPATORY WITNESSES AT TRIAL, AND APPELLATE COUNSEL INEFFECIVE FOR FAILING TO RAISE THIS CLAIM ON APPEAL; VIOLATING HISD SIXTH AMENDMENT RIGHTS AND FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS UNDER THE UNITED STATES CONSTITUTION?

Appellant's Brief at 1 (verbatim).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the

PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and

(iii), is met.[1] A petition invoking one of these exceptions must be filed within one year of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Our review of the record reflects that Appellant's judgment of sentence was affirmed by this Court on July 10, 1995, and our Supreme Court denied Appellant's petition for allowance of appeal on December 14, 1995. *Darrington*, 667 A.2d 417 (Pa. Super. filed July 10, 1995) (unpublished memorandum), *appeal denied*, 668 A.2d 1122 (Pa. 1995). Appellant did not file a petition for *writ of certiorari* with the United States Supreme Court. Accordingly, Appellant's judgment of sentence became final on March 13, 1996, ninety days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal and the time for filing a petition for review

_____

[1] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

- 4 -

with the United States Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); U.S.Sup.Ct.R. 13. Thus, the instant PCRA petition, filed on January 31, 2019, is patently untimely.

As stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within one year of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

The exception to the one-year time bar claimed in Appellant's PCRA petition is that the facts upon which the claim were based were unknown to Appellant, pursuant to 42 Pa.C.S. § 9545(b)(1)(ii). The facts were that

> On or about December 13, 2018, [Appellant] received an anonymous package from someone who claimed they used to work at the Dauphin County Public Defenders [sic] Office.
>
> This package contained police reports of several interviews conducted by Officer [Victor] Rivera prior to [Appellant's] arrest. One interview in particular was one of Mr. Carl Thomas. Mr. Thomas outlines a plot, plan, and execution by three (3) friends, to rob the victim and his home, on the night in question. . . . Mr. Thomas implicated himself and his friends while incarcerated on unrelated charges. On June 24, 1993, Mr. Thomas told a fellow inmate, Mr. Barry Wilkerson, that he witnessed his friends stab a guy to death with a "long object p[o]inty". . . . This is not a coincidence that the victim in the case at bar, was also killed with a "long object pointy". This is not a coincidence that the victim in

the case at bar, was killed with three (3) different weapons, and Mr. Thomas describes three different people involved.

PCRA Petition, 1/31/19, at 5-6.

To qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence. *Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted). Our Supreme Court has articulated that due diligence "does not require perfect vigilance and punctilious care, but merely a showing the party has put forth reasonable effort to obtain the information upon which a claim is based." *Commonwealth v. Cox*, 146 A.3d 221, 230 (Pa. 2016) (citation and quotation marks omitted).

Initially, we observe that Appellant has failed to establish that he exercised due diligence by putting forth any effort to obtain this information in the form of Carl Thomas's statements to police. Indeed, Appellant claims that the information was received anonymously from a person who allegedly worked in the Public Defender's office. Moreover, we have thoroughly reviewed Mr. Thomas's interview with the police, which is attached to Appellant's PCRA Petition at Exhibit A, and we conclude it has no exculpatory

benefit. Although Mr. Thomas described to police a plan to rob and murder a man, there is no indication that the victim discussed by Mr. Thomas was Dale Bloom, the person who Appellant admitted to killing. Appellant appended to his PCRA petition his own inculpatory statements to police in which he described the murder and subsequent events. Appellant's PCRA Petition 1/31/19, Exhibits C and D. Hence, the attempt to invoke the second exception fails. Therefore, the instant PCRA petition remains time-barred.

We observe that Appellant also argues that the second exception applies to the allegedly unknown fact that the district attorney who initially presided over the prosecution of this case later served as the presiding judge in the matter. Again, Appellant fails to explain, let alone allege, that this fact could not have been ascertained by the exercise of due diligence. Accordingly, this claim fails to invoke the exception to the PCRA timeliness requirement.

In conclusion, because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the issues presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/10/2020